MR JOSE GONZALES III
#1832029
JAMES V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TEXAS 76367
11/19/15

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 24 2015

Abel Acosta. Clerk

TO: ABEL ACOSTA CLERK,
RE: MOTION FOR REHEARING AND REHEARING ENBANC SUE SPONTE.
CASE NO. PD-0179-15

Dear Sir, enclosed is my motion for rehearing and rehearing enbanc,
in the above-mentioned and entitled cause. Please file with the Court.
Thank You.

Sincerly,
Mr. Jose Gonzales III

1.

CC: File ¶

PD-0179-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS


JOSE GONZALES III,
        Petitioner,


V.

THE STATE OF TEXAS,
        Appellee.



PETITIONER'S MOTION FOR REHEARING

IN ACCORDANCE WITH T.R.A.P. RULE 64.

TO WIT:

Comes Now Jose Gonzales III, Hereinstyled Petitoner, files this motion
for rehearing in the above-mentioned and entitiled cause.


ART. I.,

Petitioner urges the Court that: Trial court erred in allowing Petitioner
to shackled in violation of U.S. Const. Amends 6th and 14th. Trial court
infringed upon Petitioner's persumption of innocence, and counsel was
ineffective for not objecting to Petitioner being shackled thereby
procedurally defaulting Petitioner's claim.

ART. II.,

The State committed double jeopardy when it prosecuted Petitioner for
multiple burglarious entries where there was only one unlawful entry
and the the gravamen for burglary is the unlawful entry not the complain-
ant. Where for Petitioner was sentenced twice for one unlawful entry.

ART. III.,

Ineffective assisitance of counsel: The court of appeals erred in not
adjudicating the ineffective assistance of counsel on direct appeal
in opposition of **Trevino v. Thaler, 569 U.S.___(2013).** Because of the
deep entrenched culture of not entertaining ineffective assistance of

counsel

1.

**Motion Cont:**

on direct appeal by the Texas Appellate Courts, said opinion by the Supreme Court is still alien to the mindset of justices, and Court of Criminal Appeals should mandate such claims be given the full penolopy of ineffective assistance claims as required by trial courts on collateral review i.e, 11.07. Furthermore, since the record was fully developed said counsels on direct appeal were ineffective for filing Anders Brief in contradiction of the plain errors of trial counsels. Ineffective assistance of counsel: Counsel's failure to object to misjionder of two distinct offenses in the same indictment. Counsel did not file pretrial motion, nor object during trial when misjionder became apperrant.

## ART. IV.,

Ineffective assistance of counsel: Counsel's failure to file motion to quash affidavit and information that was unsigned, hence prosecution commenced upon the strength of: unsigned information, that did not confer jurisdiction upon the trial court.

## ART.V.,

Ineffective assistance of counsel for not filing motion for change of venue in high profile prosecution after it became apperrant that Petitioner could not recieve a fair trial in said County.

## ART. VI.,

Trial judge abused her discretion by not ordering a change of venue after it became impossible to seat an unbiased jury in high profile case.

## ART. VII.,

Counsel abandoned Petitioner, acting as no counsel at all, merely friend of court, giving testimony that his client was guilty and that afixed in the jury minds that Petitioner was guilty of Count I and Count II, thereby infringed upon Petitoner's persumption of Innocence, and his right to counsel.

## ART. VIII.,

Petitioner's counsel on appeal Fred Jiminez committed fraud by filing Anders brief when such errors were plain and apperrant. such reasons that Fred Jiminez's wife was District Attorney and because of the nepotism and political aspirations were the motivating reasons for such fraud. The court appointed Stephen W. Byrne as Appeal Attorney rendering Fred Jiminez's Ander's brief Moot by opertion of law, and court was in error for not ruling on this point of law.

2.

Motion Cont:

## ART. IX.,

Petitioner's counsel of record rendered ineffective assistance of counsel for not raising the defense of temporary insanity after defense counsel made Petitioner's mental state at the time of offense an issue during trial.

## CONCLUSION

Petitioner urges the Court to grant motion for rehearing or in lieu, sue sponte order rehearing enbanc and order Petition for Discretionary Review. For the State in their 11th hour brief conceded the fact that Petitioner was correct in error for purpose of double jeopardy and that alone should give Court reason to grant review. The 13th court of appeals refusing oral argument as well as this court not addressing grounds amount to a fundamental miscarriage of justice. Such issues that Petitioner raised are what the American Judicial system was built upon, and are plain and apperrant. such issues require further inquiry fromthe Court. It is cases like this that Court should scrutinize for effectiveness of competent counsel, as well as Petitioner has recieved his day in court. Because Petitioner has not recieved his fair day in court, nor fundamental fairness as embodied by the Texas Const., U.S. Const. Such review by this Court is mandatory and fundamental. For the Court to allow such misscarriage of justice is to co-sign tyranny and insurrection against the U.S. Constitution art. VI. Furthermore, Petitioner's pleadings should be construed liberally, for Petitioner is a layman in the law and should not be held to the srtigent rules of an attorney, and such procedural rules overlooking the merits of the case that would require reversal is not consistent with judicial norms.

## PRAYER

Petitioner prays that the Court grant sue Sponte this Motion and all requested therein, and any and all relief that the Court deems just and necessary.

## ( ) GRANTED ( ) DENIED

Signed this 19 day of November, 2015.

_____
Presiding Judge

3.

## CERTIFICATION

Petitioner certifies this motion is grounded in substantial case law that a rehearing or a rehearing enbanc sue sponte should be granted, wherefore the intervening circumstances that are outlined in the motion are of fundamental in nature. Furthermore, said motion is made in good faith and not for delay. In accordance with T.R.A.P. Rule 79.2.

## INMATE DECLARATION

Petitioner declares under penalty of perjury that the the foregoing motion is true and correct.

Signed this 19 Day of November, 2015.

Respectfully submitted

Jose Gonzales III #1832029
JAMES V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TEXAS 76367

4.

MR. JOSE GONZALES III
#1832029
JAMES V. ALLRED UNIT
2101 FM 369 N.
IOWA PARK, TEXAS 76367

Legal Mail

COURT OF CRIMINAL APPEALS
C/O ABEL ACOSTA, CLERK
P.O.BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

FOREVER USA